UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ULYSSES PENA, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * Civil Action No. 13-cv-11615-IT |
| | * |
| MICHAEL A. THOMPSON, | * |
| | * |
| Respondent. | * |

MEMORANDUM AND ORDER

June 24, 2014

TALWANI, D.J.

Presently before this court is Petitioner Ulysses Pena's Motion for Appointment of Counsel [#23]. There is not an absolute constitutional right to legal representation in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). Nevertheless, the Criminal Justice Act ("CJA") grants this court authority to appoint an attorney for an eligible individual seeking habeas relief under 28 U.S.C. § 2254 if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Relevant considerations include: "the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; the complexity of the factual and legal issues involved; and the capability of the indigent litigant to present the case." Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1987) (per curiam) (citations omitted).

Appointment of counsel is not warranted in this case. In support of his motion, Pena states merely that he is "unable to represent himself or file a memorandum" and that he is "unqualified to represent himself on any oral argument." Mot. Appoint. Counsel [#23]. In essence, Pena lacks legal training. Lack of legal training, however, is insufficient to justify the appointment of counsel. Lucien v. Spencer, 534 F. Supp. 2d 207, 209–10 (D. Mass. 2008) (citing

DesRosiers, 949 F.2d at 23–24; Cookish, 787 F.2d at 2–3).

The sole ground for relief set forth in Pena's § 2254 petition is that he was denied the right to counsel when he was forced to proceed pro se at his probation violation hearing. Pena will be required to undertake little factual investigation to develop this claim. Similarly, the factual and legal issues are not complex. Finally, Pena appears adequately equipped to present the case. His filings with this court are coherent and inform this court of the relief Pena seeks.

For the foregoing reasons, Pena's Motion for Appointment of Counsel [#23] is DENIED. This court issued a scheduling order on March 12, 2014 requiring Pena to file a memorandum in support of his petition by April 11, 2014 and Respondent Thompson to file a memorandum in opposition by May 9, 2014. Pena failed to file a supporting memorandum while his motion to appoint counsel was pending. In light the decision on Pena's motion to appoint counsel, this court now issues the following briefing schedule:

1. Pena shall file a memorandum in support of his petition by July 25, 2014.

2. Thompson shall file a memorandum in opposition by August 22, 2014.

A copy of this Order shall be mailed to Pena.

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge