UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ULYSSES PENA, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 13-cv-11615-ADB |
| | * | |
| MICHAEL A. THOMPSON, | * | |
| | * | |
| Respondent. | * | |

**MEMORANDUM AND ORDER**

December 8, 2015

BURROUGHS, D.J.

## I.    INTRODUCTION

Petitioner Ulysses Pena ("Pena" or "Petitioner") is a Massachusetts state prisoner at MCI Concord currently serving concurrent sentences of four to six years and four to five years for violating the terms of the probation imposed as part of various convictions in 2006. Pena, who is proceeding pro se, has filed a petition for a writ of habeas corpus challenging the revocation of his probation, pursuant to 28 U.S.C. § 2254.

Pena raises a single claim for habeas corpus relief: "that he was denied the Sixth Amendment right to effective assistance of counsel" when he was "forced to proceed pro se" during his probation revocation hearing. [ECF No. 1, at 3]. Respondent Michael A. Thompson argues that the Massachusetts Supreme Judicial Court ("SJC") reasonably applied the appropriate federal law in determining that Pena waived his right to counsel and that habeas corpus relief is therefore not appropriate under § 2254. Having carefully considered the parties' submissions, and construing Pena's arguments liberally because he is proceeding pro se, the Court finds that habeas corpus relief is unwarranted and DENIES Pena's Petition.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

On November 18, 2004, a Suffolk County grand jury returned seven indictments against

Pena, charging him with (1) breaking and entering in the daytime with the intent to commit a

felony, Mass. Gen. L. ch. 226, § 18; (2) larceny over $250, Mass. Gen. L. ch. 266, § 30(1); (3)

possession of burglarious tools, Mass. Gen. L. ch. 266, § 49; (4) resisting arrest, Mass. Gen. L.

ch. 238, § 32B; (5-6) two counts of assault and battery on a police officer, Mass. Gen. L. ch. 265,

§ 13D; and (7) attempting to commit a crime, Mass. Gen. L. ch. 274, § 6. Supplemental Answer

("S.A.") 86, 97. On April 24, 2006, Pena pled guilty to the first four charges and the court

dismissed the remaining counts upon the Commonwealth's oral motion. S.A. 91-92. Pena was

sentenced to two years and one day of incarceration on the breaking and entering charge,

followed by two years of probation on the remaining charges. Commonwealth v. Pena, 462

Mass. 183, 184 (2012). He was released from prison on October 27, 2006, and his two-year term

of probation therefore extended until October 27, 2008. Id.

On March 22, 2007, based on new allegations, the probation department filed a notice of

surrender and hearing for alleged probation violations. Pena, 462 Mass. at 185. On June 13,

2007, based on many of these same allegations, a Suffolk County grand jury returned 15

indictments charging Pena with various counts of breaking and entering, receiving stolen

property, and larceny. S.A. at 244-268. The notice of surrender, which was amended on June 22,

2007 and again on February 8, 2008, alleged that the facts underlying nine of the indictments and

Pena's failure to report to his probation officer in January 2008 violated the terms of Pena's

probation. Pena, 462 Mass. at 185.

Following the filing of the notice of surrender on March 22, 2007, Pena was almost

immediately appointed counsel. S.A. 92. On May 22, 2007, appointed defense counsel John P.

Moss filed a motion to withdraw as counsel, which the court granted. Id. Lefteris Travayakis replaced Moss as Pena's appointed counsel, but, on January 2, 2008, he too, moved to withdraw as counsel. Id. at 93. This time however, Judge Ball, the judge then presiding over Pena's revocation hearing, only permitted a partial withdrawal and required Travayakis to act as standby counsel. Id. Even after a renewed motion to withdraw on January 15, in which he averred that "[c]ertain circumstances and discussions lead [sic] to an irretrievable breakdown in the attorney-client relationship that resulted in my filing a Motion to Withdraw from this matter on January 2, 2008," Travayakis remained "stand by counsel" to Pena. S.A. 110-11. As standby counsel, his "sole obligation[]" was to provide "advice if asked." See id. at 110. Travayakis was explicitly absolved of the obligation to "advocate in open court or to prepare the case for trial." Id. at 110. There is a docket entry from this January 15 hearing evincing a waiver of counsel colloquy between Pena and the court, S.A. 94, although the specifics of this colloquy are not further documented. Pena, 462 Mass. at 193 n.13 ("There is nothing in the record to indicate what occurred during the judge's colloquy with the probationer.").

Thereafter, the probation revocation hearing was continued several times in the first months of 2008, with at least two continuances being granted so that Pena could retain private counsel. S.A. at 93-94. Pena appeared at the April 30, 2008 probation revocation hearing, and moved once more for a continuance to retain private counsel. This time Judge Gaziano, then presiding over the probation revocation hearing, denied the request for a continuance, citing a hearing on April 11, 2008 in which Gaziano had "clearly told Mr. Pena that this [wa]s his last chance." S.A. at 314. Judge Gaziano then ordered that the hearing commence with Pena proceeding pro se. Pena, 462 Mass. at 185. Pena objected vigorously and repeatedly throughout the proceedings, but Judge Gaziano ruled that Pena had "refused appointed counsel" and "said

3

that [he] would represent [him]self," finding that Pena's efforts to seek an additional continuance were designed "for the purposes of delay" and would not be permitted. S.A. at 315.

At the hearing, the Commonwealth called a probation officer and two detectives as witnesses, and Pena cross examined each. S.A. 315-87. Upon the conclusion of the Commonwealth's presentation of evidence, Pena again asked for a continuance so that he could subpoena witnesses and attempt to obtain private counsel. S.A. 388-90. This time the court acquiesced, and the probation revocation hearing was continued once more. S.A. 390. On June 24, 2008, Pena again appeared in court, at which time Travayakis again moved to withdraw as standby counsel. S.A. at 15. The court granted this motion, appointed Bruce Carroll as Pena's standby counsel, and continued the hearing again until July 24, 2008. Id.

On July 29, 2008, the hearing resumed, but without Pena having produced witnesses in his defense or secured private counsel. S.A. at 398. When asked by the court if he had any evidence to present, Pena responded that, "I cannot represent myself. I am unable to represent myself. I object to the proceedings in total. You have violated my Sixth Amendment right to counsel. I have nothing else to say." S.A at 398-99. Judge Gaziano rejected Pena's renewed claim of denial of counsel, ruling that Judge Ball had previously addressed "the counsel issue" and that he would not "revisit Judge Ball's ruling." S.A. at 401. The Commonwealth then presented its closing argument, S.A. at 400, after which the court found Pena in violation of his probation, S.A. at 406, and imposed its sentence. S.A. at 409-10.

Pena filed a notice of appeal the same day. S.A. at 96. The Massachusetts Appeals Court panel rejected his appeal on December 10, 2008. S.A. at 187. Pena then moved for further appellate review, S.A. 160, which the SJC allowed on March 31, 2011. Id. The SJC had before it transcripts of the probation surrender hearings on April 30 and July 29, 2008, but transcripts of

any other proceedings were apparently not part of the record.[1] S.A. 172. On May 9, 2012, the

SJC rejected Pena's appeal, affirming on other grounds the judgment of the MAC.[2] The SJC

ruled, in pertinent part, that "the judge did not violate the probationer's right to be represented by

counsel at his probation violation hearing" because Pena had "refused" the services of appointed

counsel "choosing instead to retain private counsel. In making such a decision, [Pena]

voluntarily waived his right to appointed counsel." Pena, 462 Mass. at 195.

Thereafter. Petitioner filed the instant petition for habeas corpus relief on July 2, 2013,

[ECF No. 1], which was followed by briefing by both sides. [ECF No. 31 (Petitioner); ECF No.

36 (Respondent)]. Petitioner has twice moved for the appointment of counsel, [ECF No. 3, 23],

which has twice been denied [ECF No. 20, 27].

### III.    LEGAL STANDARD

A federal district court's review of a state criminal conviction is governed by the

Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). AEDPA permits federal

courts to grant habeas relief after a final state adjudication of a federal constitutional claim only

if that adjudication:

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or (2)
> resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

---

[1] Nor were such transcripts or recordings made a part of the record before this Court.

[2] The MAC had found that Pena's appeal asserting that he was denied the right to counsel was rendered moot by his pleading guilty to the new charges in a subsequent proceeding. See S.A. 158. The SJC disagreed, holding that "subsequent convictions or guilty pleas do not render moot" constitutional claims that would impact a judge's discretion "pertaining to the disposition of the matter," including "whether the violation of a condition of probation warrants revocation." Pena, 462 Mass. at 187-88.

28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established Supreme Court precedent if the state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law or if the state court decides a case differently from a decision of the Supreme Court on a materially indistinguishable set of facts. Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is considered an unreasonable application of Supreme Court precedent if the state court identifies the correct legal rule but unreasonably applies it to the facts. Id. at 407. An unreasonable application requires "some increment of incorrectness beyond error." Norton v. Spencer, 351 F.3d 1, 8 (1st Cir. 2003). Lastly, a state court judgment is based on an unreasonable determination of the facts if the decision is "objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). State fact finding is presumed to be sound, unless rebutted by "clear and convincing evidence." Miller-El v. Dretke, 545 U.S. 231, 245 (2005) (quoting § 2254(e)(1)); see also Rashad v. Walsh, 300 F.3d 27, 35 (1st Cir. 2002). This presumption applies with equal force to the fact finding of state trial and appellate courts. See Rashad, 300 F.3d at 35.

This limited review of state court decisions under the AEDPA "applies, however, only to a 'claim that was adjudicated on the merits in State court proceedings.' If the federal claim was never addressed by the state court, federal review is de novo." Pike v. Guarino, 492 F.3d 61, 67 (1st Cir. 2007) (citing Fortini v. Murphy, 257 F.3d 39, 47 (1st Cir. 2001) (holding that federal courts "can hardly defer to the state court on an issue that the state court did not address")); see also Cooper v. Bergeron, 778 F.3d 294, 299 (1st Cir. 2015) ("AEDPA constraints do not apply where a state court decision does not resolve a federal claim that was presented to it, and a habeas court will afford de novo review to the claim.").

## IV.     DISCUSSION

Pena's sole claim in support of his application for habeas corpus relief is that he was denied counsel during his probation violation hearing. The Court construes his claim liberally as he is proceeding pro se. See, e.g., Erickson v. Pardus, 551 U.S. 89, 93 (2007). Pena argues that he did not "refuse" counsel as the state courts found, but rather that he had an irrevocable breakdown in the attorney-client relationship between himself and attorney Travayakis, amounting to a conflict of interest, which necessitated either the retention of private counsel or the appointment of a new attorney. Given his financial status, Pena argues that while he represented repeatedly that he sought to retain private counsel with the help of his family and friends, he remained entitled to a lawyer paid for by the state in the event that he could not retain private counsel.

Pena further argues that even if he could not work with attorney Travayakis and consented to his withdrawal (or to standby status), this conduct, without more, did not constitute a knowing and voluntary relinquishment of his right to counsel in a probation surrender hearing. In support of this argument Pena alleges that no judge engaged him in a colloquy sufficient to ensure that his waiver of counsel was knowing and voluntary; nor did any judge have him sign a written waiver of his right to counsel. Pena argues that both of these formalities are generally required under Massachusetts law. See S.J.C. Rule 3:10(3); but see Pena, 462 Mass. at 615 & n.18 (indicating that where waiver of counsel is "a consequence of his conduct," S.J.C. Rule 3:10(3) "is not applicable."). Finally, Pena asserts that counsel should have been appointed when he requested counsel at the April 30 and July 29, 2008 probation hearings, even if he had been deemed to have waived his right to counsel previously.

Respondent argues that because Pena's constitutional claim was adjudicated on its merits, this Court is bound by the AEDPA to give substantial deference to the state court's reasonable legal and factual determinations. He avers that the SJC reasonably applied the Sixth Amendment and Supreme Court decisions in <u>Faretta v. California</u> and its progeny. 422 U.S. 806 (1975) (holding that a defendant may proceed without counsel so long as the defendant knowingly and intentionally waives that right). Further, Respondent asserts that the state courts found that Pena knowingly waived his right to counsel when he refused the services of appointed counsel Travayakis and when he engaged in a waiver colloquy with Judge Ball on January 15, 2008. For the reasons that follow, the Court concludes that the SJC did not unreasonably conclude that Pena knowingly, intelligently, and voluntarily waived his right to counsel. Thus, Pena's petition must be denied.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the assistance of counsel for his defence." A probation revocation hearing, however, does not require all of the formalities and protections of a criminal trial. <u>See Commonwealth v. Wilcox</u>, 446 Mass. 61, 65 (2006) ("'[A] probationer need not be provided with the full panoply of constitutional protections applicable at a criminal trial.'") (quoting <u>Commonwealth v. Durling</u>, 407 Mass. 108, 112 (1990)); <u>accord</u> <u>United States v. Rondeau</u>, 430 F.3d 44, 47 (1st Cir. 2005) (citing <u>Morrissey v. Brewer</u>, 408 U.S. 471, 480 (1972)) (holding that parole revocation hearings need not afford the same degree of constitutional protections as a criminal trial). But there is no doubt that Pena's liberty was at stake and that he was entitled to the assistance of counsel. <u>See, e.g.</u>, <u>Argersinger v. Hamlin</u>, 407 U.S. 25, 37-38 (1972) ("[N]o person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel . . . ."). It is well established that criminal defendants can

permissibly waive the right to be assisted by counsel, and that the Sixth Amendment is violated where a defendant seeks to proceed <u>pro se</u> but is not permitted to do so. <u>See, e.g.</u>, <u>Faretta</u>, 422 U.S. 806.

However, because the potential loss of liberty is a serious consequence and lawyers possess specialized expertise that may reduce the chances of that consequence, any waiver of the right to counsel "must be stated in unequivocal language." <u>United States v. Proctor</u>, 166 F.3d 396, 401 (1st Cir. 1999) (citing <u>Faretta</u>, 422 U.S. at 835). "Courts must indulge in every reasonable presumption against waiver of the right to counsel," <u>id.</u> (citing <u>Brewer v. Williams</u>, 430 U.S. 387, 404 (1977)), and "it [i]s incumbent upon the State to prove 'an intentional relinquishment or abandonment of a known right or privilege.'" <u>Brewer</u>, 430 U.S. at 404 (quoting <u>Johnson v. Zerbst</u>, 304 U.S. 458, 464 (1934)). As part of the state's burden to establish waiver, "[t]he trial judge must explicitly make the defendant 'aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open.'" <u>Proctor</u>, 166 F.3d at 402 (quoting <u>Faretta</u>, 422 U.S. at 835). These measures "appl[y] equally to an alleged waiver of the right to counsel whether at trial or at a critical stage of pretrial proceedings." <u>Brewer</u>, 430 U.S. at 404 (citing <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218, 238-240 (1973)).

As Respondent has argued, there is no clearly established Supreme Court ruling requiring the court to engage in a colloquy or to ask specific questions of a defendant before he may be deemed to have waived the right to counsel. Rather, the broader principles of <u>Faretta</u> and its progeny govern, which require that "the trial judge . . . determine whether the defendant's waiver is 'intelligent and competent.'" <u>United States v. Francois</u>, 715 F.3d 21, 30 (1st Cir. 2013) (quoting <u>Proctor</u>, 166 F.3d at 402). Phrased alternatively, "the court [must] ascertain whether the

defendant's decision was made knowingly, voluntarily and intelligently." United States v. Benefield, 942 F.2d 60, 65 (1st Cir. 1991) (citing United States v. Campbell, 874 F.2d 838, 845-46 (1st Cir.1989)). Although the SJC's opinion rejecting Pena's claim that he was denied the assistance of counsel did not cite to Faretta by name, the opinion repeatedly refers to the Faretta standard for gauging the validity of a waiver: whether the waiver was made knowingly, intelligently, and voluntarily. Thus, the SJC's decision was not "contrary to" clearly established Supreme Court precedent. Williams v. Taylor, 529 U.S. at 413.

Therefore, in order for Pena to be entitled to habeas relief, he must establish that the SCJ's decision rejecting his appeal constituted an unreasonable application of law or fact. See § 2254(d). Pena has not met this burden.

The SJC, in support of its conclusion that Pena knowingly, intelligently, and voluntarily waived his right to counsel, found that Pena "voluntarily waived his right" to counsel by "refus[ing]" the services of his appointed attorneys. Pena, 462 Mass. at 195. The SJC further found that there was "a waiver colloquy on January 15, 2008." Id. The SJC acknowledged that it was without the benefit of a transcript of these proceedings, see id. at 193 n.13, but it nevertheless found that Pena had not claimed or shown any inadequacy in the colloquy as given. Id. at 195. The SJC further determined that Pena had waived his right to counsel by refusing appointed counsel, indicating repeatedly that he would retain private counsel, and then "fail[ing] to do so despite numerous continuances affording him additional time." Id. at 196. Because Pena had been "warned" that "he was facing his last chance" to hire private counsel and then failed to do so, the SJC concluded that Pena, "by his own conduct," waived the right to counsel. Id. Or put another way, "[i]n the [probation revocation] judge's view, the probationer had known his options, and he 'purposefully' was 'trying to delay' the proceedings." Pena, 462 Mass. at 195.

Pena next argues that there was no "valid waiver" and no "sufficient oral judicial colloquy" [ECF No. 31, 3-4]. However, he does not challenge that a waiver colloquy took place. Nor does he establish by clear and convincing evidence that the waiver colloquy was deficient.

Based on the record before the Court—which contains the record that was before the SJC—it cannot be said that the state court's determination that Pena knowingly, intelligently, and voluntarily waived the right to counsel is unreasonable. Faced with the probation revocation judge's determination on the record that Pena had "refused" the services of counsel and the absence of evidence indicating anything to the contrary, the SJC reasonably elected to credit the lower court judge's interpretation of events. The SJC found, again not unreasonably, that repeatedly refusing to work with multiple appointed attorneys was a voluntary waiver of the right to appointed counsel. The SJC found that a waiver colloquy took place between the lower court and Pena based on a docket entry indicating as much. This finding is not unreasonable. The SJC's conclusion that this colloquy adequately informed Pena that he was relinquishing a constitutionally protected right where Pena made no assertions to the contrary is likewise not unreasonable. Finally, the SJC's determination that Pena waived his right to retained counsel by repeatedly representing to the lower court that he would hire private counsel but then never following through—even in the face of repeated and clear warnings of the consequences of inaction—is also not an unreasonable application of <u>Faretta</u>. Accordingly, because Petitioner Pena has failed to demonstrate that the state courts made unreasonable legal or factual findings in their adjudication of the merits of his Sixth Amendment claim, Pena's petition must be denied.

## V.    CONCLUSION

For the foregoing reasons, Pena's Petition for a Writ of Habeas Corpus is hereby DENIED.

Notwithstanding this Court's dismissal of the Petition, the court finds that Pena is entitled to a certificate of appealability. Pena has "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), meaning that he has demonstrated that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks and citations omitted). "[A] claim can be debatable even though every jurist of reason might agree . . . that petitioner will not prevail." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). Accordingly, the court hereby issues a Certificate of Appealability as to all grounds raised by Petitioner Pena.

**SO ORDERED.**

Dated: December 8, 2015

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
DISTRICT JUDGE

12